UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NORMA ZAMBRANO,

    Plaintiff,

v.                                     Case No.:  2:23-cv-745-SPC-NPM

WAL-MART STORES EAST, LP,

    Defendant.
_____/

**OPINION AND ORDER**

    Before the Court is Plaintiff Norma Zambrano's Motion for Remand (Doc. 16), along with Defendant Wal-Mart Stores East, LP's opposition (Doc. 17). This is a slip-and-fall negligence action that started in state court. Defendant timely removed based on diversity jurisdiction. (Doc. 1). But Plaintiff moves to return to state court.

    A defendant may remove a civil case from state court if it can show diversity jurisdiction (by a preponderance of the evidence) as of the date of removal. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citations omitted). Diversity jurisdiction exists if the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332(a). Plaintiff challenges the amount in controversy prong only.

According to Plaintiff, the amount in controversy is not facially apparent from the Amended Complaint. So, she relies on Florida law to assert that her total past medical bills exclude setoffs, other adjustments, and liens that may eliminate most of medical bills' balances. Defendant responds that most of Plaintiff's past medical bills totaling $68,734.38 were outstanding upon removal. Defendant also notes that Plaintiff's health insurance has only paid $8.39 and adjusted $16.61. (Doc. 17, ¶ 15). And past medical bills are not all that's in play. Defendant also points to Plaintiff's claim for $12,000 in lost wages and a pre-suit settlement demand to satisfy the jurisdictional amount. (Doc. 1, ¶¶ 27-29).

The Court need not look much past the settled principle that a plaintiff cannot defeat subject matter jurisdiction by reducing her claim after removal or expecting a future reduction in recoverable damages. *Stramiello v. Petsmart, Inc.*, No. 810-CV-659-T-33TGW, 2010 WL 2136550, at *4 (M.D. Fla. May 26, 2010) (citations omitted). In other words, a plaintiff cannot use a set-off for insurance reimbursement of medical expenses to defeat the amount in controversy requirement for removal. *See id.*

Plaintiff tries to sidestep this principle with *Jackson v. St. Jude Med. Neuromodulation Div.*, 62 F. Supp. 3d 1343, 1346 (M.D. Fla. 2014). But *Jackson* differs because most of plaintiff's medical care had been paid before

removal—only $10,183.93 remained unpaid.[1]  Here, most of Plaintiff's past medical bills were outstanding at the time of removal.  Defendant has thus shown the minimum threshold for diversity jurisdiction.

Accordingly, it is

**ORDERED:**

Plaintiff Norma Zambrano's Motion for Remand (Doc. 16) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on November 1, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

[1] The other cases Plaintiff cites are also distinguishable because they found that pre-removal payments may be considered when determining the amount in controversy. *See Walsh v. Target Corp.*, No. 6:20-CV-1185-ORL-37EJK, 2020 WL 5634125, at *4 (M.D. Fla. Aug. 27, 2020), *report and recommendation adopted*, 2020 WL 5628903 (M.D. Fla. Sept. 21, 2020) (collecting cases).

3